## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

G. POHL-BOSKAMP GmbH & CO. KG,

          Plaintiff,

      v.

PERRIGO COMPANY,

          Defendant.

Civil Action No.:

**JURY TRIAL DEMANDED**

---

## COMPLAINT

Plaintiff G. Pohl-Boskamp GmbH & Co. KG, for its complaint against defendant Perrigo Company, alleges as follows:

### PARTIES

1.      Plaintiff G. Pohl-Boskamp GmbH & Co. KG ("Pohl-Boskamp" or "Plaintiff") is a German corporation having a place of business in Hohenlockstedt, Germany.

2.      Upon information and belief, defendant Perrigo Company ("Perrigo" or "Defendant") is a Michigan company having a regular and established place of business at 515 Eastern Avenue, Allegan, MI  49010.

### JURISDICTION AND VENUE

3.      This is a civil action for damages and injunctive relief brought pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*; the statutory dilution and unfair competition laws of Massachusetts, Mass. Gen. Laws ch. 110H, § 13, and ch. 93A, § 11, and the common law of Massachusetts.

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff Pohl-Boskamp's federal claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*  This Court has subject matter jurisdiction over Pohl-Boskamp's related common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant Perrigo because, among other reasons, Perrigo has sold or transported in Massachusetts goods that bear the accused trademarks for use and sale in Massachusetts, Perrigo's tortious conduct has taken place and continues to take place in Massachusetts, and Perrigo regularly solicits business in Massachusetts.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400 (a) in that, Defendant Perrigo is subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendant occurred in and are causing injury in the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Pohl-Boskamp's Nitrolingual® Pumpspray

7.      Plaintiff Pohl-Boskamp is in the business of researching, developing and manufacturing pharmaceutical products and medical devices.

8.      Pohl-Boskamp uses, and has used since at least as early as March 9, 1976, in the United States, the trademark Nitrolingual® in connection with pharmaceutical formulations of nitroglycerin.  Pohl-Boskamp is the owner of incontestable United States trademark registration number 1,035,175 for the mark NITROLINGUAL®.  True and correct copy of the registration certificate for Plaintiff's Reg. No. 1,035,175 as **Exhibit A**.

9.      Among Pohl-Boskamp's pharmaceutical products is the Nitrolingual®
Pumpspray, a pumpspray bottle dispensing nitroglycerin and used to provide relief of an attack
or prophylaxis of angina pectoris due to coronary artery disease.

10.     The Nitrolingual® Pumpspray is sold in a distinctive red bottle with a distinctive
gold band with white nozzle head.  The overall color scheme and design of the trade dress for the
Nitrolingual® Pumpspray bottle is arbitrary and non-functional.  Pohl-Boskamp is the owner of
this distinctive trade dress, and has both common law rights and U.S. trademark registrations in
the Nitrolingual® Pumpspray distinctive trade dress.  True and correct copies of Pohl-
Boskamp's U.S. trademark registrations in the distinctive trade dress, Reg. Nos. 3,960,863 and
4,306,888, are attached as **Exhibit B**.

11.     Pohl-Boskamp's Nitrolingual® Pumpspray provides fast and effective relief
dispensed through a convenient handheld pumpspray for those millions suffering from the pain
and discomfort of angina pectoris.

12.     The symptoms of angina pectoris include an uncomfortable pressure, fullness,
squeezing, or pain in the center of the chest.  Discomfort also may be felt in the neck, jaw,
shoulder, back, or arm.

13.     In the United States, one out of six people over age sixty-five develop coronary
artery disease each year.  According to the American Heart Association, almost nine million
people in the United States suffer from angina pectoris.

14.     Nitrolingual® Pumpspray was introduced to the United States market more than
20 years ago and since then has enjoyed a significant share of the market for nitroglycerin
pharmaceutical products.

15.     Since its introduction, Pohl-Boskamp and its licensees and agents have spent tens
of millions of dollars marketing its Nitrolingual® Pumpspray throughout the United States.

Examples of Pohl-Boskamp's marketing materials for its Nitrolingual® Pumpspray are attached as **Exhibit C**.  As a result of these efforts, the Nitrolingual® Pumpspray with its distinctive trade dress have generated hundreds of millions of dollars in domestic sales.

16.     Arbor Pharmaceuticals, LLC ("Arbor") is Pohl-Boskamp's sole distributor in the United States for the Nitrolingual® Pumpspray.  By agreement Arbor licenses the use of the trademark Nitrolingual® and the Nitrolingual® Pumpspray trade dress from Pohl-Boskamp in order to distribute and promote the product and brand name.  Arbor's use of the Nitrolingual® trademark and Nitrolingual® trade-dress are governed by quality control measures required under license by Pohl-Boskamp.  Images of the Nitrolingual® Pumpspray distributed by Arbor Pharmaceuticals, LLC are attached at **Exhibit D**.

17.     Wilshire Pharmaceuticals, Inc., a wholly owned subsidiary of Arbor Pharmaceuticals, Inc. ("Wilshire"), is licensed by Pohl-Boskamp to distribute a generic form of the Nitrolingual® Pumpspray and use the Nitrolingual® Pumpspray distinctive trade dress in its packaging for the generic nitroglycerin lingual spray ("Wilshire Product"). The license of the trade dress to Wilshire allows Pohl-Boskamp to closely monitor and control the use of its trade dress and the quality of the Wilshire Product, since all use of the trade dress and trademark by a licensee inures to the benefit of Pohl-Boskamp. Images of the Wilshire Product are pasted below:




18.     As a result of both Pohl-Boskamp's long use and extensive advertising for the Nitrolingual® Pumpspray and its distinctive trade dress and Wilshire's licensed use of the distinctive trade dress, the Nitrolingual® Pumpspray trade dress has acquired distinctiveness and become well known to the ultimate end-user, distributors, doctors and pharmacists as the sole and exclusive source for high quality and reliable nitroglycerin lingual spray.

19.     Since prior to the acts of the Defendant complained of below, Plaintiffs have achieved wide-spread and substantial sales of products designated by the Nitrolingual® trademark and trade dress throughout the United States, including Massachusetts, and worldwide.

20.     The Nitrolingual® trademark and trade dress are and have been so commonly used by Pohl-Boskamp and its licensees to identify Pohl-Boskamp's products that those products are now and, since prior to the acts of Perrigo, have been generally known among the trade and the public by the Nitrolingual® trademark and trade dress.

21.     Pohl-Boskamp has made and continues to make substantial investments to develop and promote in interstate commerce and around the world the goodwill associated with its Nitrolingual® Pumpspray product.

**Defendant Perrigo's Pump Spray**

22.     On or about September 23, 2013, Perrigo announced in a press release that it received final approval for its abbreviated new drug application for nitroglycerin lingual spray, 400 mcg/spray, the generic equivalent to Nitrolingual® Pumpspray.  Perrigo commenced shipment of this generic equivalent on or about September 23, 2013.  A copy of the Perrigo press release, dated September 23, 2013, is attached as **Exhibit E**.

23.     Defendant Perrigo manufactures, distributes, and markets the generic equivalent to the Nitrolingual® Pumpspray under the label Nitroglycerin Lingual Spray ("Perrigo Pump Spray" or "PPS").

24.     PPS is sold in a pump spray bottle using a trade dress that imitates and copies G. Pohl-Boskamp's distinctive Nitrolingual® Pumpspray trade dress.  Side by side photographs of Pohl-Boskamp's Nitrolingual® Pumpspray and Defendant's Perrigo Pump Spray appear below:





25.     The trade dress Defendant uses on its competing nitroglycerin product substantially copies the colors, shape, size, text, fonts and layout of the Nitrolingual® Pumpspray trade dress.

26.     Defendant's placement of the term LINGUAL directly underneath the term NITROGLYCERIN gives a reader the impression that they are reading the Nitrolingual® Pumpspray trademark (together, with Defendant's trade dress, referred to as the "Accused Trademarks").  A close up image of Perrigo's Pump Spray appears below:



27.     Defendant's product even duplicates the net content and texture and feel of the Nitrolingual® Pumpspray bottle, giving the overall impression that both the Nitrolingual® Pumpspray and the Perrigo Pump Spray come from the same source.

28.     Upon information and belief, Defendant has continued and will continue to solicit sales of its infringing product and distribute the same in the United States.

29.     Upon information and belief, consumers of Pohl-Boskamp's product were lost or diverted to Defendant.

30.     As a result of Defendant's actions as set forth above, Pohl-Boskamp has been damaged and irreparably harmed.

31.     Unless enjoined by this Court, Defendant's actions will continue and will result in further irreparable harm to Pohl-Boskamp.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT 15 U.S.C. § 1114

32.     Pohl-Boskamp repeats and realleges each and every allegation contained in paragraphs 1 to 31 of the Complaint with the same force and effect as if set forth in this Count.

33.     Pohl-Boskamp's Nitrolingual® trademark is inherently distinctive and has obtained distinctiveness.  The Nitrolingual® trademark is incontestable.

34.     Pohl-Boskamp's distinctive trade dress for the red, white and gold pump spray bottle and white cap has acquired distinctiveness over the years of use in interstate commerce.

35.     With full knowledge and awareness of Pohl-Boskamp's ownership and prior use of the Nitrolingual® trademark and the Nitrolingual® Pumpspray trade dress, for its own benefit Defendant intentionally has used in commerce, and upon information and belief, will continue to use the Accused Trademarks, which use is likely to cause confusion, or to cause mistake, or to deceive.

36.     Defendant's acts constitute infringement of Pohl-Boskamp's federally-registered and incontestable trademark and federally-registered trade-dress, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     Defendant's acts have caused and will cause irreparable injury to Pohl-Boskamp, and unless said acts are restrained by this Court, they will be continued and Pohl-Boskamp will continue to suffer irreparable injury.

38.     Defendant's acts have harmed Pohl-Boskamp's reputation and have caused damage to Pohl-Boskamp in an amount to be determined.

39.     Defendant's acts have unlawfully enriched and benefited Defendant in an amount to be determined.

40.     Pohl-Boskamp has been damaged and will continue to be damaged by Defendant's acts unless Defendant is preliminarily and thereafter permanently enjoyed by this Court.

41.     Pohl-Boskamp is without an adequate remedy at law.

**COUNT II – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER § 43(a) OF THE LANHAM ACT 15 U.S.C. §1125(a)**

42.     Pohl-Boskamp repeats and realleges in Count II each and every allegation contained in paragraphs 1 to 41 of the Complaint with the same force and effect as if set forth in this Count.

43.     Defendant intentionally has used and, upon information and belief, will continue to use in commerce the Pohl-Boskamp's Nitrolingual® Pumpspray trade dress, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Pohl-Boskamp, or origin, sponsorship, or approval of Defendant's products by Pohl-Boskamp.

44.     Defendant's acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendant's acts have caused and will cause irreparable injury to Pohl-Boskamp, and unless these acts are restrained by this Court, they will continue and Pohl-Boskamp will continue to suffer irreparable injury.

46.     Defendant's acts have harmed Pohl-Boskamp's reputation and have caused damage to Pohl-Boskamp in an amount to be determined.

47.    Defendant's acts have unlawfully enriched and benefited Defendant in an amount to be determined.

48.    Pohl-Boskamp has no adequate remedy at law.


### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

49.    Pohl-Boskamp repeats and realleges in Count III each and every allegation contained in paragraphs 1 to 48 of the Complaint with the same force and effect as if set forth in this Count.

50.    Defendant's acts in promoting and selling products and services that are identical to the Nitrolingual® Pumpspray product in connection with a trade dress that is confusingly similar to Pohl-Boskamp's Nitrolingual® Pumpspray trade dress constitutes common law trademark infringement, palming or passing off Defendant's goods and services as those of Pohl-Boskamp, and unprivileged imitation, all of which create in the mind of the public the impression that Plaintiff is responsible for the quality and performance of Defendant's goods and services or is otherwise connected to or associated with Defendant.

51.    Defendant's use of a trademark confusingly similar to Pohl-Boskamp's Nitrolingual® Pumpspray trade dress constitutes a use of Pohl-Boskamp's trade dress on and in connection with goods that Pohl-Boskamp cannot control.  Such acts will materially damage the reputation of Pohl-Boskamp and that of its goods and services and damage the goodwill in Pohl-Boskamp's Nitrolingual® trademark and the Nitrolingual® Pumpspray trade dress that has been created by Pohl-Boskamp's substantial expenditure of money.

52.    Defendant's acts constitute trademark infringement and unfair competition, all in violation of Pohl-Boskamp's rights under the common law of the Commonwealth of Massachusetts.

53.     Defendant's acts have caused and will cause irreparable injury to Pohl-Boskamp, and unless said acts are restrained by this Court, they will be continued and Pohl-Boskamp will continue to suffer irreparable injury.

54.     Defendant's acts have harmed Pohl-Boskamp's reputation and have caused damage to Pohl-Boskamp in an amount to be determined.

55.     Defendant's acts have unlawfully enriched and benefited Defendant in an amount to be determined.

56.     Pohl-Boskamp has no adequate remedy at law.


**COUNT IV – STATE TRADEMARK DILUTION: MASSACHUSETTS**

57.     Pohl-Boskamp repeats and realleges in Count IV each and every allegation contained in paragraphs 1 to 56 of the Complaint with the same force and effect as if set forth in this Count.

58.     The Nitrolingual® trademark and Nitrolingual® Pumpspray trade dress are distinctive and, through long and extensive use, advertising, marketing, and public awareness, possess a high degree of distinctiveness, including in Massachusetts.

59.     Upon information and belief, Defendant has used and will continue to use the Accused Trademarks in Massachusetts, which use has injured and will continue to injure Pohl-Boskamp's business reputation and/or has diluted and will continue to dilute the distinctive quality of Pohl-Boskamp's Nitrolingual® trademark and trade dress.

60.     Defendant's acts are likely to injure the business reputation of Pohl-Boskamp or likely to dilute the distinctive quality of Pohl-Boskamp's Nitrolingual® trademark and trade dress, in violation of Mass. Gen. Laws ch. 110H §13.

61.     Defendant's acts have caused and will continue to cause great and irreparable injury to Pohl-Boskamp, and unless said acts are restrained by this Court, they will be continued and Pohl-Boskamp will continue to suffer great and irreparable injury.

62.     Pohl-Boskamp has no adequate remedy at law.


### COUNT V – UNFAIR TRADE PRACTICES: MASSACHUSETTS CH. 93A

63.     Pohl-Boskamp repeats and realleges in Count V each and every allegation contained in paragraphs 1 to 62 of the Complaint with the same force and effect as if set forth in this Count.

64.     Defendant's acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, § 11, and were committed by Defendant primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

65.     Defendant's acts have harmed Pohl-Boskamp's business reputation, severely damaged Pohl-Boskamp's goodwill, and upon information and belief, have unjustly enriched Defendant.

66.     Defendant's acts have injured and will continue to injure Pohl-Boskamp's business reputation and have diluted and will continue to dilute the distinctive quality of Pohl-Boskamp's trademarks.


**WHEREFORE**, Plaintiff Pohl-Boskamp respectfully demands judgment against Defendant Perrigo as follows:

A.           That this Court adjudge that Pohl-Boskamp's trademark and trade dress have been infringed and diluted as a direct and proximate result of the acts of Defendant as set

forth in this Complaint, in violation of Pohl-Boskamp's rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the statutory and common laws of the Commonwealth of Massachusetts.

B.          That this Court adjudge that Defendant has competed unfairly with Pohl-Boskamp as set forth in this Complaint, in violation of Pohl-Boskamp's rights under the Lanham Act and the statutory and common laws of the Commonwealth of Massachusetts.

C.          That Defendant, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation with the Defendant, be preliminarily and permanently enjoined and restrained:

         1)          From using the Accused Trademarks or any designation or trademark or trade dress similar thereto, in any way, in connection with nitroglycerin pump spray, or any other related goods or services; and

         2)          From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendant and Pohl-Boskamp, or their respective products and/or services; and

         3)          From otherwise infringing or diluting any trademark owned by Pohl-Boskamp or engaging in unfair competition against Pohl-Boskamp.

D.          That Defendant be required to deliver up for destruction all products, packaging, signs, prints, promotional materials, advertisements, and other written or printed materials that bear the Accused Trademarks, or any similar trademarks.

E.          That Pohl-Boskamp recover Defendant's profits and the damages of Pohl-Boskamp arising from Defendant's acts of trademark infringement, dilution, false designation of origin, false description or representation, and unfair competition.

F.          That this Court treble such amounts awarded as allowed by § 35 of the

Lanham Act, 15 U.S.C. § 1117, and multiple and/or punitive damages as allowed by federal and

other state law.

G.          That this Court award Pohl-Boskamp multiple damages as allowed by

Mass. Gen. Laws ch. 93A, and other federal and state law.

H.          That this Court award Pohl-Boskamp both pre-judgment and post-

judgment interest on each and every award.

I.          That this Court award Pohl-Boskamp its reasonable attorneys' fees

incurred in this action, as provided under federal and state law.

J.          That this Court award Pohl-Boskamp taxable costs and disbursements

incurred in this action.

K.          That this Court award Pohl-Boskamp such other relief as the Court may

deem just and proper.

## **JURY DEMAND**

Plaintiff Pohl-Boskamp hereby demands trial by jury as to all issues in this action triable

of right by a jury.


Dated:  October 10, 2013                                Respectfully submitted,

                                                                        */s/ John J. Cotter*
                                                                        John J. Cotter (BBO # 554524)
                                                                        Phi Lan M. Tinsley (BBO # 656815)
                                                                        K&L GATES LLP
                                                                        State Street Financial Center
                                                                        One Lincoln Street
                                                                        Boston, Massachusetts 02111-2950
                                                                        (617) 261-3100
                                                                        John.Cotter@klgates.com
                                                                        Phi Lan.Tinsley@klgates.com

- 14 -

*Counsel for Plaintiff G. Pohl-Boskamp*
*GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013 the foregoing document was filed with the Clerk of Court using the CM/ECF system and will be served as indicated in the Summons.

*/s/ John J. Cotter*
John J. Cotter (BBO # 554524)